FILED

JUN 10 2014

Clerk, U S District Court
District Of Montana
Billings

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION, successor by merger to Key Equipment Finance Inc., <br><br> Plaintiff, <br><br> vs. <br><br> EXERGY DEVELOPMENT GROUP OF IDAHO, LLC, and EXERGY DEVELOPMENT GROUP, LLC <br><br> Defendants. | Case No. CV-14-36-H-SEH <br><br> **COMPLAINT** |

Plaintiff, KeyBank National Association, successor by merger to Key Equipment Finance, Inc., ("KEF"), by undersigned counsel, brings this Complaint against Defendant, Exergy Development Group of Idaho, LLC ("Exergy Idaho"), and Exergy Development Group, L.L.C. ("Exergy Montana" and collectively "Exergy") and alleges the following:

### NATURE OF THE ACTION

1. This case arises because Defendant has breached a contract to repay a business loan.

### PARTIES

2. Plaintiff, KEF is a national banking association organized under the laws of the United States, with its principal place of business at 800 Superior Avenue, Cleveland, Ohio 44114.

1

3. Defendant Exergy Idaho is an Idaho limited liability company whose member is a citizen of the State Montana. James T. Carkulis is the managing and sole member of Exergy Idaho. Mr. Carkulis resides in Helena, Montana. Exergy Idaho's principal place of business is in Boise, Idaho. Exergy Idaho is an affiliate of Exergy Montana.

4. Defendant Exergy Montana is a Montana limited liability company whose member is a citizen of the State Montana. James T. Carkulis is the managing and sole member of Exergy Montana. Mr. Carkulis resides in Helena, Montana. Exergy Montana's principal place of business is in Helena, Montana. Exergy Montana is an affiliate of Exergy Idaho.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue in this district is appropriate pursuant to 28 U.S.C. §1391 because defendant resides in this district.

## ALLEGATIONS OF FACT

7. On May 24, 2012, Exergy Idaho, executed a (1) Business Loan Agreement, (2) Promissory Note, and (3) Commercial Security Agreement (collectively "Loan Documents") with KEF in the amount of $150,000.00. The loan agreements are attached hereto as Exhibits A, B and C respectively.

8. Under the terms of the loan, Exergy Idaho was to repay the loan in a one-time payment of $150,000.00 on the maturity date May 24, 2013.

9. Under the Loan Documents Exergy Idaho would default if, among other things, it failed to make any loan payment when due. Exhibit A.

10. On May 24, 2013, Exergy defaulted on the loan by failing to make the loan payment.

11. Under the Loan Documents because of Exergy's default, any obligations or commitments that KEF had to Exergy terminated and Exergy's entire debt became due and payable, without any notice to KEF. Exhibit A.

12. Nevertheless, on February 26, 2014, KEF sent Exergy a Notice of Default and a demand for payment of $157,366.46, which included $149,137.00 in principal and $8,229.46 in accrued interest from February 21, 2014. A copy of the Notice of Default is attached hereto as Exhibit D.

13. KEF sent the Notice of Default to Exergy Idaho at its Boise, Idaho address and to its affiliated entity Exergy Montana, at 1424 Dodge, Avenue, Helena, MT 59601. Exhibit D.

14. KEF demanded that Exergy remit the defaulted balance by March 14, 2014. Exhibit D.

15. To date, Exergy has not remitted payment to KEF.

16. Further, under the Loan Documents Exergy agreed to pay upon demand all of KEF's costs and expenses, including reasonable attorneys' fees and legal expenses incurred in connection with the enforcement of the agreement. Exhibit A.

17. Under the Loan Document, Exergy agreed to pay one percentage point (1%) over the index of 3.250 % (or 4.250 %) as annual interest on the unpaid balance of the loan. Exhibit B.

18. Additionally, under the Loan Documents, Exergy agreed to pay an additional three percent (3%) per annum on the unpaid balance of the loan in the event of default as a default rate of interest. Exhibit B.

3

19. Therefore, because of Exergy's default on the Loan Documents, the current interest on the deficiency balance of the loan is 7.250 % per annum.

20. Additionally, under the Loan Documents, Exergy agreed to pay five percent (5%) of the unpaid regularly scheduled payment as a late payment.

21. Also, Exergy agreed that all covenants and agreements by or on behalf of Exergy would bind Exergy's subsidiaries and affiliates; whereas, the term "Borrower" in the Loan Documents included all of Exergy's subsidiaries and affiliates. Exhibit A.

22. Exergy Montana is an affiliate of Exergy Idaho.

23. Upon information and belief, as managing member of both Exergy Idaho and Exergy Montana, Mr. Carkulis was authorized to bind Exergy Montana under the Loan Documents.

24. Further, Exergy agreed that all covenants and agreements by or on behalf of Exergy would bind Exergy's successors and assigns and would inure to the benefit of KEF. Exhibit A.

25. KEF has fully performed all of its commitments and obligations under the Loan Documents.

26. Under the Loan Documents, the parties agreed that the laws of the State of Idaho would govern the interpretation and enforcement of the Loan Documents. Exhibit A.

27. Further, the parties expressly waived the right to jury trial in any action, proceeding, or counterclaim brought by any party against any other party. Exhibit A.

28. As of the filing of this Complaint, Exergy owes KEF $166,685.46, which includes $149,137.00 in principal, $7,456.00 in late fees, and $10,091.61 in interests, with per diem of interest of $30.03453 from the date of this Complaint until the date of Judgment.

29. Additionally, Exergy owes KEF its reasonable attorneys' fees and costs in connection with the prosecution of this claim.

## COUNT I

### BREACH OF CONTRACT
### (EXERGY IDAHO)

30. Plaintiff re-alleges and incorporates by reference the allegations previously set forth and as if stated in full herein.

31. The Loan Documents present a lawful and binding contract between KEF and Exergy Idaho.

32. Plaintiff has performed and complied with its obligations under the Loan Documents.

33. Exergy Idaho breached the Loan Documents by failing to repay the loan in its entirety on the maturity date.

34. As a direct, natural, and proximate result of Defendant's default on the Loan Documents, Plaintiff KEF has suffered damages, including incidental damages, attorneys' fees, and costs.

## COUNT II

### BREACH OF CONTRACT
### (EXERGY MONTANA)

35. Plaintiff re-alleges and incorporates by reference the allegations previously set forth and as if stated in full herein.

36. The Loan Documents present a lawful and binding contract between KEF and Exergy Idaho.

37. Plaintiff has performed and complied with its obligations under the Loan Documents.

38. Exergy Idaho breached the Loan Documents by failing to repay the loan in its entirety on the maturity date.

39. Under the Loan Documents, Exergy Idaho agreed that all covenants and agreements by or on behalf of Exergy Idaho would bind Exergy Idaho's subsidiaries and affiliates; whereas, the term "Borrower" included all of Exergy's subsidiaries and affiliates.

40. Exergy Montana is an affiliate of Exergy Idaho.

41. Upon information and belief, as managing member of both Exergy Idaho and Exergy Montana, Mr. Carkulis was authorized to bind Exergy Montana under the Loan Documents.

42. As a direct, natural, and proximate result of Defendant's default on the Loan Documents, Plaintiff KEF has suffered damages, including incidental damages, attorneys' fees, and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff KEF prays for judgment against Defendants as follows:

    a. For compensatory damages, including incidental damages, in an amount to be proven at trial, but in excess of $75,000.00 exclusive of interest and costs;

    b. For attorneys' fees incurred by Plaintiff relating to Defendants' breach of the Loan Documents;

    c. For cost incurred in prosecuting this action;

    d. For pre-judgment interest;

    e. For post-judgment interest;

  f. For such other and further relief as the Court deems just and proper.

Dated: ~~May~~ 6/6, 2014

Respectively submitted,

By: _____
Juliane E. Lore
**LORE LAW FIRM, P.L.L.C.**
G W Building
2722 3rd Avenue North
Billings, MT 59101
Tel: 406-206-0144
Fax: 406-449-0208
juliane@lorelaw.us